672

**UNITED STATES of America**

**v.**

**484 BAGS, MORE OR LESS, Each Containing Approximately 132 Pounds of Green Coffee Beans, LABELED in Part (Bag) "CAFE DO BRASIL, LIB EC NEW ORLEANS OPTION HOUSTON".**

**Misc. No. 1215.**

United States District Court
E. D. Louisiana,
New Orleans Division.
March 18, 1969.

Louis C. LaCour, U. S. Atty., Harry F. Connick, Joan Elaine Chauvin, Asst. U. S. Attys., and Charles Marr, Dept. of Health, Education and Welfare Office of General Counsel, Food & Drug Div., Washington, D. C., for plaintiff.

George Alexander McKray, San Francisco, Cal., Montgomery, Bernett, Brown & Read, by John B. Gooch, Jr., Trial Atty., New Orleans, La., for claimant, Leon Israel & Bros., Inc.

MITCHELL, District Judge.

This cause involves the seizure of 484 bags of green coffee beans by the Government pursuant to the provisions of the Federal, Food, Drug & Cosmetic Act. The Court makes the following findings of fact and conclusions of law.

## I

On September 5, 1965, five hundred bags of green Brazilian coffee beans, each weighing one hundred thirty-two pounds, consigned to Leon Israel & Bros., Inc., arrived at the Port of New Orleans on board the S/S *Nopal Rex*. On September 8, 1965, they were discharged from the S/S *Nopal Rex* and stored at Esplanade Avenue Wharf No. 27.

## II

On the night of September 9, 1965, Hurricane Betsy struck the Port of New Orleans, causing a derrick crane to fall on, and damage, the roof of the Esplanade Avenue Wharf and break a sprinkler line. As a result, both rain water and water from the broken sprinkler line wet the coffee beans.

## III

On September 19, 1965, 484 bags were sent to Dupuy Storage and Forwarding Corporation to be run through a portable grain dryer in an effort to stop the growth of mold thereon, resulting from wetting. After having been run through the drying process, the beans were re-sacked.

## IV

On October 4, 1965, the Government filed this suit and seized the coffee, pursuant to the provisions of the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 et seq.

## V

On August 22, 1968, this Court entered an order allowing claimant, Leon Israel & Bros., Inc., to recondition the coffee beans, which was accomplished on September 23–24, 1968 at Dupuy Storage by a burnishing process.

## VI

■ Having been reconditioned, the coffee beans are found fit for food, as determined by the New York Coffee Exchange Standards, and to be fit for human consumption. The evidence, including various tests made by the government and claimant, establishes that, after reconditioning, the coffee beans complied with the Act and were neither contaminated nor injurious to health.

## CONCLUSIONS OF LAW

### I

■ The clause "if it consists in whole or in part of any filthy, putrid, or decomposed substance", as used in subsection (3) of 21 U.S.C. § 342(a) and upon which this action is based, is not to be construed to mean that an article, after reconditioning, must be free of all intrinsic decomposition. The degree or limits of intrinsic decomposition made unlawful by this subsection is one which would, with reasonable certainty, render the article unfit for food.[1]

### II

■ After seizure and condemnation, the clause "the court may by order direct that such article be delivered to the owner thereof to be destroyed or brought into compliance with the provisions of this Act"[2] is intended to provide jurisdiction for salvaging of a condemned article within the discretion of the District Court. If the article is brought into compliance with the provisions of the Act, the District Court may release the article with or without conditions.

■ The article in the present action is found to be in compliance with the Act and it is ordered that it be exported to a non-coffee producing country in accordance with the requirements of the Act,[3] and that it may not under any circumstances be returned to the United States.

1. United States v. 1500 Cases * * * Tomato Paste, (CA 7–1956), 236 F.2d 208 at 210–211.

2. 21 U.S.C. § 334(d) (1).

3. 21 U.S.C. § 381(d).